IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID ALEXANDER,
JOHN ALEXANDER,
CARTER CHECK,                                    Case No.:
DAVID CRENSHAW,
KERRY PIETRZAK,
DAVID STALLINGS, and
JERAHME WETZEL,

      Plaintiffs,

vs.

PROSPECT MORTGAGE, LLC,

      Defendant.

## COMPLAINT
_____

Plaintiffs David Alexander, John Alexander, Carter Check, David Crenshaw, Kerry Pietrzak, David Stallings, and Jerahme Wetzel ("Plaintiffs") state as follows for their Complaint against Defendant Prospect Mortgage, LLC ("Defendant"):

### PARTIES AND PROCEDURAL BACKGROUND

1.    Plaintiff David Alexander ("Plaintiff D. Alexander") is an adult resident of Douglasville, Georgia. Plaintiff D. Alexander worked as a loan officer

1

for Defendant in an office in the Douglasville, Georgia area from approximately April 2008 until October 2008.

2.     Plaintiff John Alexander ("Plaintiff J. Alexander") is an adult resident of Douglasville, Georgia.  Plaintiff J. Alexander worked as a loan officer for Defendant in an office in the Douglasville, Georgia area from approximately April 2006 until October 2009.

3.     Plaintiff Carter Check ("Plaintiff Check") is an adult resident of Powder Springs, Georgia.  Plaintiff Check worked as a loan officer for Defendant in an office in the Douglasville, Georgia area from approximately July 2007 until March 2009.

4.     Plaintiff David Crenshaw ("Plaintiff Crenshaw") is an adult resident of Decatur, Georgia.  Plaintiff Crenshaw worked as a loan officer for Defendant in an office in the Atlanta, Georgia area from approximately March 2006 until July 2009.

5.     Plaintiff Kerry Pietrzak ("Plaintiff Pietrzak") is an adult resident of Smyrna, Georgia.  Plaintiff Pietrzak worked as a loan officer for Defendant in an office in the Kennesaw, Georgia area from approximately August 2007 until August 2010.

6. Plaintiff David Stallings ("Plaintiff Stallings") is an adult resident of Douglasville, Georgia. Plaintiff Stallings worked as a loan officer for Defendant in an office in the Douglasville, Georgia area from approximately 2007 until December 2008.

7. Plaintiff Jerahme Wetzel ("Plaintiff Wetzel") is an adult resident of Hiram, Georgia. Plaintiff Wetzel worked as a loan officer for Defendant in an office in the Douglasville, Georgia area from approximately February 2007 until October 2009.

8. Upon information and belief, Defendant is a California corporation doing business in and maintaining offices in several states throughout the United States, including Georgia. According to its website, Defendant is one of the largest independent residential retail lenders in the United States, and offers mortgage products such as FHA, VA, conventional, jumbo, and super jumbo loans. Defendant formerly did business under the name Metrocities Mortgage.

9. On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila, on behalf of themselves and all others similarly situated, filed a lawsuit against Defendant in the United States District Court for the Eastern District of California to recover overtime pay, minimum wages, and other relief. (Hereinafter referred to as "*Sliger*" or "the *Sliger* matter.") On August 24, 2011, Judge Lawrence K.

Karlton granted, in part, the *Sliger* plaintiffs' motion for FLSA conditional certification and authorized the *Sliger* plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007, and August 24, 2011, who were paid on a commission-only basis.  (*See Sliger v. Prospect Mortgage, LLC*, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).)

      10.      Plaintiff D. Alexander opted-in to the *Sliger* matter on August 1, 2011.  (*See* Ex. A.)

      11.      Plaintiff J. Alexander opted-in to the *Sliger* matter on May 16, 2011.  (*See* Ex. A.)

      12.      Plaintiff Check opted-in to the *Sliger* matter on May 17, 2011.  (*See* Ex. A.)

      13.      Plaintiff Crenshaw opted-in to the *Sliger* matter on November 22, 2011.  (*See* Ex. A.)

      14.      Plaintiff Pietrzak opted-in to the *Sliger* matter on November 22, 2011.  (*See* Ex. A.)

      15.      Plaintiff Stallings opted-in to the *Sliger* matter on May 16, 2011.  (*See* Ex. A.)

16. Plaintiff Wetzel opted-in to the *Sliger* matter on May 16, 2011. (*See* Ex. A.)

17. By stipulation of the parties, the Court decertified the *Sliger* matter on January 23, 2013. (Ex. B.) The stipulation permits "individual opt-in plaintiffs, who so choose, [to] pursue their individual claims in other forums." (*Id.*) In addition, the stipulation states that, the claims of all opt-in plaintiffs, including the claims of Plaintiffs, are tolled from the time they opted-in to the *Sliger* matter until April 23, 2013. (*Id.*)

18. Plaintiffs bring this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq*. Plaintiffs worked for Defendant as loan officers during the relevant statutory periods. During the relevant statutory periods, Plaintiffs regularly worked over forty hours per week without overtime compensation. Plaintiffs seek relief for Defendant's failure to pay overtime compensation under federal law.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. § 201 *et seq.*

20. Venue is proper in the United States District Court, Northern District of Georgia pursuant to 28 U.S.C. § 1391, because Defendant operated facilities in

5

this district and because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

21. Defendant employed Plaintiffs as loan officers.

22. Defendant classified Plaintiffs as "exempt" from the overtime pay requirements of the FLSA and state law.

23. Plaintiffs are informed, believe, and thereon allege that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

24. Defendant paid Plaintiffs on a commission-only basis.

25. Plaintiffs routinely worked in excess of forty hours per week for Defendant.

26. Defendant suffered and permitted Plaintiffs to work more than forty hours per week without overtime compensation.

27. Defendant is in the business of selling mortgages. Plaintiffs' work is and was directly related to mortgage sales.

28. Defendant did not keep accurate records of the Plaintiffs' hours worked. Defendant never instructed Plaintiffs to keep records of their hours worked.

29. Defendant's unlawful conduct has been widespread, repeated and consistent.

30. Defendant is aware of wage and hour laws, as evidenced by the fact that it provides overtime compensation to other employees who are not loan officers. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

31. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and caused significant damages to Plaintiffs.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations)

32. Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

33. At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiffs have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

34. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half

times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiffs are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

35. By failing to compensate Plaintiffs with overtime compensation for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Plaintiffs seek damages in the amount of Plaintiffs' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for relief as follows:

A. Judgment that Plaintiffs are non-exempt employees entitled to protection under the FLSA;

B. Judgment against Defendant for violations of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations as described above were willful;

D. An award in an amount equal to Plaintiffs' unpaid overtime wages at the applicable rates, liquidated damages, and interest thereon, subject to proof in Court;

E. An award of prejudgment interest to the extent liquidated damages are not awarded

F. Attorney fees and costs;

G. Leave to amend to bring additional claims, including but not limited to claims for unpaid minimum wages under the FLSA; and,

H. For such other and further relief, in law or equity, as the Court may deem appropriate and just.

Dated:     April 19, 2013         *s/ C. Andrew Head*
                                  GA Bar No. 341472
                                  Attorneys for Plaintiffs
                                  FRIED & BONDER, LLC
                                  White Provision, Ste. 305
                                  1170 Howell Mill Rd, NW
                                  Atlanta, Georgia 30318
                                  Telephone: (404) 995-8808
                                  Fax: (404) 995-8899
                                  Email: ahead@friedbonder.com

                                  Curtis P. Zaun
                                  MN Bar No. 266310*
                                  Attorneys for Plaintiffs
                                  NICHOLS KASTER, PLLP
                                  4600 IDS Center, 80 South 8th Street
                                  Minneapolis, MN 55402
                                  Telephone: (612) 256-3200
                                  Email: czaun@nka.com

                                  *pro hac vice application forthcoming*