# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAVID ALEXANDER, et. al,

          Plaintiffs,

v.

PROSPECT MORTGAGE, LLC,

          Defendant.

Case No.: 1:13-cv-1312

## JOINT MOTION FOR SETTLEMENT APPROVAL
## AND MEMORANDUM OF LAW IN SUPPORT
_____

Plaintiffs David Alexander, John Alexander, Carter Check, David Crenshaw, Kerry Pietrzak, David Stallings, and Jerahme Wetzel (collectively "Plaintiffs"), by and through their attorneys, and Defendant PROSPECT MORTGAGE, LLC ("Defendant" or "Prospect"), by and through its attorneys (together with Plaintiffs, the "Parties"), file this joint motion for the Court's approval of their settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). In support of this Motion, the Parties attach hereto their Memorandum of Law in Support and state the following:

1

Plaintiffs' complaint seeks damages for alleged failure to pay wages in violation of the FLSA.  Defendant denies any wrongdoing and denies that it owes Plaintiffs any compensation, liquidated damages, or attorneys' fees.  However, in order to avoid the burdens and costs of litigation, the Parties have reached a settlement.  The settlement was reached after extensive arms-length negotiations.  Plaintiffs agree that the settlement amounts and all of the settlement terms are fair and reasonable.  Accordingly, the Parties request that the Court approve their settlement agreements (attached as Exhibit 1) and dismiss this action with prejudice.

## STATEMENT OF FACTS

Plaintiffs formerly worked as mortgage loan officers for Prospect.  Originally, Plaintiffs were opt-in plaintiffs in an FLSA collective action filed in the Eastern District of California on October 18, 2010, by plaintiffs Elizabeth Sliger, Carol Dion, and Scott Avila, *Sliger v. Prospect Mortgage, LLC*, No. 2:11-CV-465 ("*Sliger*").[1]  The *Sliger* action was eventually decertified by stipulation of the parties and Order of the Court on January 23, 2013.  Following decertification of

---

[1]   On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the *Sliger* plaintiffs' motion for FLSA conditional certification and authorized the *Sliger* plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007, and August 24, 2011, who were paid on a commission-only basis. *See Sliger v. Prospect Mortgage, LLC*, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).

*Sliger*, 243 of the *Sliger* opt-ins (including Plaintiffs in this case) re-filed their claims in 37 district court cases, and 188 of the *Sliger* opt-ins re-filed their individual claims in arbitration. In each of these post-*Sliger* district court cases and arbitrations, all plaintiffs are represented by counsel from Nichols Kaster and Defendant is represented by counsel from Seyfarth Shaw LLP.

In both the *Sliger* case and this case, Plaintiffs have alleged claims arising under the FLSA relating to failure to pay overtime and failure to pay minimum wage due to their alleged misclassification as exempt employees. Conversely, in both the *Sliger* case and in this case, Defendant has denied all allegations and has asserted that Plaintiffs were properly classified as exempt employees. Defendant contends that Plaintiffs were hired as outside salespersons, were expected to perform the duties of outside salespersons, and were evaluated based on their performance as outside salespersons. Defendant further contends the decisions it made with respect to Plaintiffs' compensation were made in good-faith.

After over three years of extensive litigation regarding these issues, on April 10, 2014, representatives from Nichols Kaster, PLLP, and Seyfarth Shaw LLP, participated in a private mediation session in Los Angeles, California, with mediator Barbara Reeves Neal, and reached a global settlement of the 35 still-active district court cases—including this case—and the 188 individual

3

arbitrations. Individual settlement agreements were subsequently drafted for each Plaintiff in this case, and each Plaintiff has accepted the terms of his or her settlement agreement.

The Parties, through this Motion, now seek approval of the Parties' settlement agreements and dismissal of all the claims in this case with prejudice.

## LEGAL ANALYSIS

### I. The Court is Authorized to Approve the Settlement Agreements.

Courts in the Eleventh Circuit generally require FLSA settlements to be supervised by the Secretary of Labor or approved by the District Court. *See Lynn's Food*, 679 F.2d at 1352-55. When an employee brings a private action under the FLSA, and thereafter presents to the court a proposed settlement, the court is advised to review the settlement for fairness. *Lynn's Food*, 679 F.2d at 1353. If the settlement reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the court should approve it in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

### II. The Settlement Agreements are Fair and Reasonable.

In this case, the Parties agree that the terms of the settlement agreements will bestow substantial benefits to Plaintiffs, especially in light of the uncertainty regarding Plaintiffs' recovery. Liability under the FLSA was a contested issue.

Specifically, the Parties disputed whether Plaintiffs' job duties and actions satisfied the requirements of the outside sales exemption. Defendant also disputed Plaintiffs' arguments concerning how many hours they claim to have worked.

The cost of continued litigation also supports the fairness and reasonableness of the settlements. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) ("The expense and possible duration of the litigation should be considered in evaluating the reasonableness of [a] settlement."). Here, the costs that Plaintiffs and Defendant would incur to obtain a judgment in this case (whether through summary judgment or trial) are much greater than the costs the Parties would incur to amicably resolve this matter at this stage of the case.

The settlement is fair and reasonable given that at all times Plaintiffs have been adequately represented by counsel with significant experience in wage and hour litigation, and there are no class claims in this litigation.

Finally, the proposed attorneys' fees and costs to be paid to Plaintiffs' counsel are reasonable. Nichols Kaster has litigated this case, beginning with the *Sliger* matter, for nearly four years. The global litigation has involved hundreds of plaintiffs, thirty-seven district court cases, nearly two hundred individual arbitrations, extensive discovery, briefing on multidistrict litigation, arbitration issues, summary judgment, and a trial. (Declaration of Reena I. Desai ("Desai

Decl.") ¶ 3.) Nine lawyers from Nichols Kaster represented the plaintiffs in the global litigation, along with almost forty attorneys from firms across the country acting as local counsel. (*Id.*). To date, Nichols Kaster has billed over 6,800 hours on the global litigation, with a total lodestar exceeding $1,000,000. (*Id.* ¶ 4.) Billed costs exceed $200,000. Indeed, in this case alone, Nichols Kaster's lodestar is over $18,000. (Id. ¶ 5.) In sum, the modest amount Plaintiffs' counsel seeks for attorneys' fees and costs in this matter is reasonable and should be approved.

### III.  Summary of the Terms.

The Parties have agreed to settle Plaintiffs' individual claims on the following general terms (including additional terms set forth in the settlement agreements):

1. Defendant agree to pay Plaintiffs settlement amounts (as described in the confidential settlement agreements). The settlement amounts also include payment of statutory attorneys' fees and costs.

2. Defendant denies liability and denies wrongdoing under the FLSA and all other applicable laws.

3. Plaintiffs and Defendant agree to dismiss Plaintiffs' individual claims with prejudice.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court find that the settlements represent fair and equitable resolutions of this action and enter an Order approving the settlements and dismissing this case with prejudice.

Respectfully submitted,

Date: October 14, 2014

/s/ Reena I. Desai
Reena I. Desai, MN Bar No. 0388311
(Admitted *pro hac vice*)
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Email: rdesai@nka.com

C. Andrew Head
GA Bar No. 341472
FRIED & BONDER, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
Telephone: (404) 995-8808
Fax: (404) 995-8899
Email: ahead@friedbonder.com

ATTORNEYS FOR PLAINTIFFS

/s/ Jeffrey L. Glaser
Jeffrey L. Glaser, GA Bar No. 296454
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
Email: jglaser@seyfarth.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that this pleading has been prepared in compliance with LR 5.1(C), using Times New Roman 14 point type.

/s/Reena I. Desai
Reena I. Desai

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAVID ALEXANDER, et. al,

                         Case No.: 1:13-cv-1312

      Plaintiffs,

v.

PROSPECT MORTGAGE, LLC,

      Defendant.

## CERTIFICATE OF SERVICE

I certify that on October 14, 2014, I electronically filed the foregoing **Joint Motion for Settlement Approval** with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following attorney of record:

    Jeffrey L. Glaser
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E., Suite 2500
    Atlanta, Georgia 30309-3962

                                              /s/Reena I. Desai
                                              Reena I. Desai