# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is made and entered into between David L Alexander ("Plaintiff") and Prospect Mortgage, LLC ("Defendant") (collectively "the Parties"). This Agreement shall be considered fully executed and become effective as to all Parties on the date it is been signed and executed by all Parties.

## RECITALS

A.      Plaintiff is a Former employee of Defendant.

B.      Plaintiff was formerly an opt-in party plaintiff in an action captioned *Sliger v. Prospect Mortgage, LLC* in the United States District Court for the Eastern District of California, Case Number 2:11-CV-00465-LKK-EFB (the "*Sliger* Action"), until the collective action claim in such action was decertified on or about January 23, 2013. On April 19, 2013, David L Alexander filed a complaint against Defendant in the United States District Court for the Northern District of Georgia, Case Number 1:13cv1312 (the "Action"), and subsequently filed a First Amended Complaint (collectively referred to as the "Complaint"). The Complaint alleged causes of action against Defendant for failure to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act.

C.      The Parties desire to settle, fully and finally, any and all claims which were or might have been alleged in the Action, including all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort, or statute, against Defendant or any other Releasee identified herein, up to and including the date of execution of this Agreement. This Agreement memorializes that settlement.

D.      The Parties agree that this Agreement is admissible for the purposes of proving and enforcing the terms of the Parties' Agreement, as set forth herein.

**NOW, THEREFORE,** in consideration of the terms, conditions and promises set forth herein, it is agreed as follows:

## TERMS OF SETTLEMENT

### 1.      Non-Admission of Liability and Contingency of Agreement.

1.1      This Agreement memorializes the compromise of disputed claims. Plaintiff acknowledges that the execution of this Agreement and the payment of monetary consideration or any other obligation hereunder are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendant, the Releasees identified in Paragraph 5 below, or any other person or business entity. The Parties further acknowledge that Defendant denies all allegations of wrongdoing alleged in the Complaint. The Parties intend, by this Agreement, merely to avoid the expense, delay, uncertainty, and burden of further litigation. The Parties expressly agree that there is no prevailing party in the Action. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any party. Except as otherwise set forth in Paragraph 2, the Parties agree that they shall bear their own respective costs and fees, including attorneys' fees, in connection with the Action and the negotiation and execution of this Agreement.

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

1.2     The Parties acknowledge that Defendant has reserved the right to reject, rescind and/or revoke the offer of settlement manifested by this Agreement in the event that a satisfactory number of former participants in the *Sliger* Action who have continued to pursue claims against Defendant subsequent to the decertification of the collective action claim in the *Sliger* Action do not timely agree to settle such claims. In the event that Defendant exercises such right, Plaintiff's counsel will notify Plaintiff of such exercise, and this Agreement shall be null, void, and inadmissible in any subsequent proceeding for any purpose.

## 2.     Monetary Consideration.

2.1.    As consideration for the promises made by Plaintiff herein, and contingent on Plaintiff's fulfillment of the conditions of this Agreement, Defendant will pay Plaintiff a total gross sum of Two Thousand Five Hundred Fifty-Four and 31/100 Dollars ($2,554.31) (the "Consideration"), payable as follows:

> (1)    A gross payment of $644.60 to Plaintiff, less normal and customary payroll withholdings and deductions. This amount shall be reported by Defendant using an IRS Form W-2 issued to Plaintiff.
>
> (2)    A gross payment of $644.60 to Plaintiff.  This amount shall be reported by Defendant using an IRS Form 1099 issued to Plaintiff.
>
> (3)    A gross payment of $1,265.11 to Nichols Kaster, PLLP. This amount shall be reported by Defendant using an IRS Form 1099 issued to Nichols Kaster, PLLP and Plaintiff.

These payments are conditioned upon the provision to Prospect's counsel of an IRS Form W-9 completed by Plaintiff. The payments shall be delivered to Plaintiff's counsel, Nichols Kaster, PLLP. These payments shall constitute a full and complete settlement of all of Plaintiff's claims in the Action, including any claims for unpaid wages.

2.2.    Defendant shall issue the checks for the amounts identified in paragraphs 2.1(1)-(2) within ten business days after the entry of judgment dismissing with prejudice Plaintiff's claims in the Action.  Defendant shall make the payment identified in paragraph 2.1(3) at such time as Defendant and Plaintiff's counsel have agreed.  All obligations of Defendant to pay the Consideration in this Agreement are contingent upon Plaintiff's full and complete compliance with this Paragraph, as well as all other terms and obligations set forth in this Agreement.

2.3.    Plaintiff agrees that the foregoing shall constitute the entire consideration due to him/her and is in full and complete satisfaction of any and all claims, demands and/or causes of action he/she has or may have against Defendant, and that Plaintiff will not seek any further compensation for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement.

**3.     Stipulated for Settlement of David L Alexander's Claims and Dismissal With Prejudice and Request for Approval.** The Parties agree that they will jointly file a stipulation for settlement, and the signed release page for Plaintiff, in the Action and requesting that Plaintiff's claims be dismissed with prejudice. The Parties also agree that prior to filing the stipulation for settlement, Defendant may also request

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

that the Parties be permitted to file the settlement documents under seal. Plaintiff agrees that he/she will not oppose Defendant's request to file the settlement documents under seal. In Defendant's sole discretion, the Parties may request the Court to approve the terms of this Agreement. To the extent that the Court declines or otherwise fails to dismiss Plaintiff's claims with prejudice and/or declines to approve the Parties' settlement, Defendant may, in its sole discretion, revoke this Agreement, in which event the Agreement shall be of no effect whatsoever and shall not be admissible in any subsequent proceedings for any purpose.

     **4.**    **Tax Treatment.** Plaintiff understands and agrees that Defendant is not providing any tax or legal advice, and makes no representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff further agrees that he/she will assume any such tax obligations or consequences that may arise from this Agreement, and he/she will not seek any indemnification from Defendant in this regard. Plaintiff further agrees to indemnify and hold Defendant harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, attorneys' fees or recoveries by any governmental entity against Defendant for any failure by Plaintiff or his/her attorneys to pay taxes due and owing, if any, on the amounts identified in Paragraph 2.

     **5.**    **Release of Defendant and Related Parties**. As consideration for this Agreement, Plaintiff -- for himself/herself, his or her family members, heirs, representatives, attorneys, executors, administrators, successors, and assigns -- forever and fully release Defendant and any of its past, present, or future units, component entities, owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, parent companies, divisions, subsidiaries (whether or not wholly owned), affiliates, benefit plans, including profit sharing, pension, health, savings, and any other employee benefit plans of any nature, the plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Action (collectively, the "Releasees") from any and all wage and hour claims, demands, charges, complaints, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which Plaintiff has or might have, known or unknown, suspected or unsuspected, matured or unmatured, fixed or contingent, apparent or concealed, that are based upon or arise out of the facts, claims or causes of action alleged in any of the complaints filed in the Action up until the date that Plaintiff signs this Agreement, whether or not previously brought before any state or federal court or any state or federal or any other governmental agency. The release shall include a release of all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort or statute, up through the date Plaintiff signs the Agreement. The release also shall include a release of all claims pursuant to ERISA arising out of or relating to the claims in the Action or the payments made pursuant to this Agreement. This release does not include a release of administrative charges that cannot be waived as a matter of law, but Plaintiff agrees that he/she will not accept any monetary recovery from any proceedings relating to such charges.

     **6.**    **Release of Unknown Claims.** For the purpose of implementing a full and complete release, Plaintiff expressly acknowledges that the release he/she gives in this Agreement is intended to include in its effect, without limitation, wage and hour claims that he/she did not know or suspect to exist in his favor at the time of the effective date of this

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims.

7.      **No Pending Actions and Covenant Not to Sue.** In consideration for the promises set forth in this Agreement, Plaintiff promises never to sue Defendant or any of the Releasees in any forum for any claims, laws or theories covered by the release set forth above in Paragraphs 5 and 6 of this Agreement, based on any acts or omissions occurring prior to the effective date of this Agreement. Plaintiff expressly agrees that he/she will not knowingly participate in any class, collective, or representative action of any kind or nature against any of the Releasees involving such released claims. Plaintiff expressly waives any rights or potential rights or recovery that he/she may have in a potential class, collective, or representative settlement in these or other actions against any of the Releasees. Plaintiff further agrees to opt out of or withdraw his/her consent for participation in any such class, collective, or representative action and agrees that, even if he/she does not opt out or withdraw his/her consent for participation, he/she will not be entitled to recover or participate in these actions in any way.

8.      **No Attorneys' Fees and Costs.** Each party shall bear its own fees and costs and attorneys' fees related to the Action, except as otherwise stated in this Agreement.

9.      **Confidentiality.** Plaintiff, for himself/herself, his/her family members, heirs, representatives, attorneys, executors, administrators, successors, and assigns, agrees that he/she will keep completely confidential the amount of this settlement, the terms and contents of this Agreement, the negotiations leading thereto, and any aspect of the Action (hereinafter referred to as "these Confidential Matters"). Plaintiff agrees not to publicize or disclose these Confidential Matters, whether in writing or orally, to any person (other than as otherwise provided in this Paragraph 9), directly or indirectly, or by or through any agent, attorney, or representative. However, if compelled to make any such disclosure by law, Plaintiff shall notify Defendant within five business days following receipt of a subpoena or other legal order of disclosure and shall not disclose until Defendant has had ample time to object or otherwise state its position. Plaintiff may also disclose the terms of this Agreement only as necessary to enforce this Agreement. This confidentiality term is a material term of this Agreement, but for which Defendant would not have entered into this Agreement.

Plaintiff agrees that any communications with anyone about these Confidential Matters will be limited to a single statement that the Action "has been resolved." Plaintiff shall not communicate indirectly or directly that he/she received a monetary settlement. Plaintiff is permitted to make necessary disclosures to his/her respective spouse, tax preparers, retained attorneys, and accountants. Plaintiff will advise any such person of the existence of the strict confidentiality provisions of this Agreement.

The Parties agree that the damages resulting from a breach of this confidentiality term would be difficult to ascertain. As such, if Plaintiff breaches this term, Defendant shall be entitled to injunctive relief to prevent any further breach and Plaintiff hereby waives any defense that Defendant has an adequate remedy at law or that the injury suffered as a consequence of such breach is not irreparable.

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

**10. Mutual Non-Disparagement.** The Parties agree that they will not make any disparaging or defamatory comments to any third party concerning the other party. Specifically, Plaintiff agrees that he/she will not make any disparaging or defamatory comments to any third party concerning Defendant's officers, directors, partners, employees or agents, or concerning its methods of doing business or employment practices. Plaintiff agrees that he/she will not testify in any proceeding in which Defendant is a party unless compelled to do so by legal process.

**11. Preclusive Effect of Agreement.** This Agreement may be pleaded as a full and complete defense to, and may be used as a basis for an injunction against, any action, suit or other proceeding that may be instituted or prosecuted by any Party in breach of this Agreement, except that this Paragraph 13 does not bar any cause of action or claim that is based expressly, specifically and exclusively upon an alleged breach of this Agreement. In any future action between the Parties, the Parties hereby agree that these Confidential Matters, as defined above, and any conduct between the Parties prior to the date of signing this Agreement shall not be offered or introduced as evidence for or against either of the Parties — *i.e.* such facts are expressly precluded from any future dispute.

**12. Enforcement of Agreement.** Should any party seek to enforce this Agreement, the prevailing party or parties shall be entitled to recover costs and expenses, including attorneys' fees, incurred in any action.

    **13. Agreement is Voluntary.** The Parties understand and agree that Plaintiff:

(1) Has had a reasonable amount of time within which to consider the settlement terms memorialized in this Agreement before agreeing to them;

(2) Has carefully read and fully understands all of the provisions of this Agreement;

(3) Is, through this Agreement, releasing any and all claims he/she brought, or may have brought against Defendant or any Releasee in the Action, including all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort or statute;

(4) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(5) Knowingly and voluntarily intends to be legally bound by the same;

(6) Had the opportunity to consult an attorney prior to agreeing to the terms of this Agreement if he/she so chose.

**14. Ownership of Claims.** Plaintiff represents that he/she has not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement. Plaintiff further agrees to indemnify and hold harmless Defendant and all of the Releasees against any and all claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

**15. Successors.** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors, insurers, and assigns, and shall inure to the benefit of each and all of the Releasees, and to their heirs, representatives, executors,

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

administrators, successors, and assignees.

**16.  Governing Law.** This Agreement shall be governed by and interpreted under the laws of Georgia.

**17.  Interpretation of this Agreement.** This Agreement sets forth the entire agreement between the Parties and supersedes any prior agreements between the Parties pertaining to the subject matter of this Agreement. Should any provision in this Agreement be determined to be invalid, the validity of the remaining provisions shall not be affected thereby, and the invalid provision shall be deemed not to be part of this Agreement, and all remaining provisions shall remain valid and enforceable. This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any Party, since all Parties have participated in the negotiations and drafting of this Agreement. No modifications or waiver of the terms of this Agreement shall be effective unless it appears in writing signed by all of the Parties to this Agreement. The language of all parts of this Agreement shall be construed as a whole, according to fair meaning, and not strictly enforced for or against any single Party.

**18.  Counterparts.** The Parties may execute this Agreement in counterparts which shall, in the aggregate, be signed by all the parties; and each counterpart shall be deemed an original instrument as against the party who has signed it. Furthermore, signatures delivered via facsimile transmission or electronic mail shall have the same force, validity and effect as the originals thereof.

PLAINTIFF HAS READ AND UNDERSTANDS THE FOREGOING CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. PLAINTIFF UNDERSTANDS THAT PLAINTIFF IS RELEASING ALL KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS THAT WERE OR COULD HAVE BEEN BROUGHT IN THE ACTION, AND VOLUNTARILY ENTERS INTO THIS AGREEMENT.

PROSPECT MORTGAGE, LLC

DAVID L ALEXANDER

By: _____
David Chernek

Dated: 7/28/2014

Its: General Counsel
Dated: 10-07-14

APPROVED AS TO FORM AND CONTENT:

NICHOLS KASTER, PLLP

By: _____
Counsel for David L Alexander
Dated: 8/12/2014

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is made and entered into between John Alexander ("Plaintiff") and Prospect Mortgage, LLC ("Defendant") (collectively "the Parties"). This Agreement shall be considered fully executed and become effective as to all Parties on the date it is been signed and executed by all Parties.

## RECITALS

A.     Plaintiff is a Former employee of Defendant.

B.     Plaintiff was formerly an opt-in party plaintiff in an action captioned *Sliger v. Prospect Mortgage, LLC* in the United States District Court for the Eastern District of California, Case Number 2:11-CV-00465-LKK-EFB (the "*Sliger* Action"), until the collective action claim in such action was decertified on or about January 23, 2013. On April 19, 2013, John Alexander filed a complaint against Defendant in the United States District Court for the Northern District of Georgia, Case Number 1:13cv1312 (the "Action"), and subsequently filed a First Amended Complaint (collectively referred to as the "Complaint"). The Complaint alleged causes of action against Defendant for failure to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act.

C.     The Parties desire to settle, fully and finally, any and all claims which were or might have been alleged in the Action, including all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort, or statute, against Defendant or any other Releasee identified herein, up to and including the date of execution of this Agreement. This Agreement memorializes that settlement.

D.     The Parties agree that this Agreement is admissible for the purposes of proving and enforcing the terms of the Parties' Agreement, as set forth herein.

**NOW, THEREFORE,** in consideration of the terms, conditions and promises set forth herein, it is agreed as follows:

## TERMS OF SETTLEMENT

**1.     Non-Admission of Liability and Contingency of Agreement.**

1.1     This Agreement memorializes the compromise of disputed claims. Plaintiff acknowledges that the execution of this Agreement and the payment of monetary consideration or any other obligation hereunder are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendant, the Releasees identified in Paragraph 5 below, or any other person or business entity. The Parties further acknowledge that Defendant denies all allegations of wrongdoing alleged in the Complaint. The Parties intend, by this Agreement, merely to avoid the expense, delay, uncertainty, and burden of further litigation. The Parties expressly agree that there is no prevailing party in the Action. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any party. Except as otherwise set forth in Paragraph 2, the Parties agree that they shall bear their own respective costs and fees, including attorneys' fees, in connection with the Action and the negotiation and execution of this Agreement.

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

*Page 2 of 6*

1.2    The Parties acknowledge that Defendant has reserved the right to reject, rescind and/or revoke the offer of settlement manifested by this Agreement in the event that a satisfactory number of former participants in the *Sliger* Action who have continued to pursue claims against Defendant subsequent to the decertification of the collective action claim in the *Sliger* Action do not timely agree to settle such claims. In the event that Defendant exercises such right, Plaintiff's counsel will notify Plaintiff of such exercise, and this Agreement shall be null, void, and inadmissible in any subsequent proceeding for any purpose.

**2.    Monetary Consideration.**

2.1.    As consideration for the promises made by Plaintiff herein, and contingent on Plaintiff's fulfillment of the conditions of this Agreement, Defendant will pay Plaintiff a total gross sum of Four Thousand One Hundred Eighty-Four and 13/100 Dollars ($4,184.13) (the "Consideration"), payable as follows:

> (1)    A gross payment of $1,187.87 to Plaintiff, less normal and customary payroll withholdings and deductions. This amount shall be reported by Defendant using an IRS Form W-2 issued to Plaintiff.
>
> (2)    A gross payment of $1,187.88 to Plaintiff. This amount shall be reported by Defendant using an IRS Form 1099 issued to Plaintiff.
>
> (3)    A gross payment of $1,808.38 to Nichols Kaster, PLLP. This amount shall be reported by Defendant using an IRS Form 1099 issued to Nichols Kaster, PLLP and Plaintiff.

These payments are conditioned upon the provision to Prospect's counsel of an IRS Form W-9 completed by Plaintiff. The payments shall be delivered to Plaintiff's counsel, Nichols Kaster, PLLP. These payments shall constitute a full and complete settlement of all of Plaintiff's claims in the Action, including any claims for unpaid wages.

2.2.    Defendant shall issue the checks for the amounts identified in paragraphs 2.1(1)-(2) within ten business days after the entry of judgment dismissing with prejudice Plaintiff's claims in the Action. Defendant shall make the payment identified in paragraph 2.1(3) at such time as Defendant and Plaintiff's counsel have agreed. All obligations of Defendant to pay the Consideration in this Agreement are contingent upon Plaintiff's full and complete compliance with this Paragraph, as well as all other terms and obligations set forth in this Agreement.

2.3.    Plaintiff agrees that the foregoing shall constitute the entire consideration due to him/her and is in full and complete satisfaction of any and all claims, demands and/or causes of action he/she has or may have against Defendant, and that Plaintiff will not seek any further compensation for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement.

**3.    Stipulated for Settlement of John Alexander's Claims and Dismissal With Prejudice and Request for Approval.** The Parties agree that they will jointly file a stipulation for settlement, and the signed release page for Plaintiff, in the Action and requesting that Plaintiff's claims be dismissed with prejudice. The Parties also agree that prior to filing the stipulation for settlement, Defendant may also request that the

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

Parties be permitted to file the settlement documents under seal. Plaintiff agrees that he/she will not oppose Defendant's request to file the settlement documents under seal. In Defendant's sole discretion, the Parties may request the Court to approve the terms of this Agreement. To the extent that the Court declines or otherwise fails to dismiss Plaintiff's claims with prejudice and/or declines to approve the Parties' settlement, Defendant may, in its sole discretion, revoke this Agreement, in which event the Agreement shall be of no effect whatsoever and shall not be admissible in any subsequent proceedings for any purpose.

    **4.**    **Tax Treatment.** Plaintiff understands and agrees that Defendant is not providing any tax or legal advice, and makes no representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff further agrees that he/she will assume any such tax obligations or consequences that may arise from this Agreement, and he/she will not seek any indemnification from Defendant in this regard. Plaintiff further agrees to indemnify and hold Defendant harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, attorneys' fees or recoveries by any governmental entity against Defendant for any failure by Plaintiff or his/her attorneys to pay taxes due and owing, if any, on the amounts identified in Paragraph 2.

    **5.**    **Release of Defendant and Related Parties.** As consideration for this Agreement, Plaintiff -- for himself/herself, his or her family members, heirs, representatives, attorneys, executors, administrators, successors, and assigns -- forever and fully release Defendant and any of its past, present, or future units, component entities, owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, parent companies, divisions, subsidiaries (whether or not wholly owned), affiliates, benefit plans, including profit sharing, pension, health, savings, and any other employee benefit plans of any nature, the plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Action (collectively, the "Releasees") from any and all wage and hour claims, demands, charges, complaints, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which Plaintiff has or might have, known or unknown, suspected or unsuspected, matured or unmatured, fixed or contingent, apparent or concealed, that are based upon or arise out of the facts, claims or causes of action alleged in any of the complaints filed in the Action up until the date that Plaintiff signs this Agreement, whether or not previously brought before any state or federal court or any state or federal or any other governmental agency. The release shall include a release of all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort or statute, up through the date Plaintiff signs the Agreement. The release also shall include a release of all claims pursuant to ERISA arising out of or relating to the claims in the Action or the payments made pursuant to this Agreement. This release does not include a release of administrative charges that cannot be waived as a matter of law, but Plaintiff agrees that he/she will not accept any monetary recovery from any proceedings relating to such charges.

    **6.**    **Release of Unknown Claims.** For the purpose of implementing a full and complete release, Plaintiff expressly acknowledges that the release he/she gives in this Agreement is intended to include in its effect, without limitation, wage and hour claims that he/she did not know or suspect to exist in his favor at the time of the effective date of this

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

*Page 4 of 6*

Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims.

7.      **No Pending Actions and Covenant Not to Sue.** In consideration for the promises set forth in this Agreement, Plaintiff promises never to sue Defendant or any of the Releasees in any forum for any claims, laws or theories covered by the release set forth above in Paragraphs 5 and 6 of this Agreement, based on any acts or omissions occurring prior to the effective date of this Agreement. Plaintiff expressly agrees that he/she will not knowingly participate in any class, collective, or representative action of any kind or nature against any of the Releasees involving such released claims. Plaintiff expressly waives any rights or potential rights or recovery that he/she may have in a potential class, collective, or representative settlement in these or other actions against any of the Releasees. Plaintiff further agrees to opt out of or withdraw his/her consent for participation in any such class, collective, or representative action and agrees that, even if he/she does not opt out or withdraw his/her consent for participation, he/she will not be entitled to recover or participate in these actions in any way.

8.      **No Attorneys' Fees and Costs.** Each party shall bear its own fees and costs and attorneys' fees related to the Action, except as otherwise stated in this Agreement.

9.      **Confidentiality.** Plaintiff, for himself/herself, his/her family members, heirs, representatives, attorneys, executors, administrators, successors, and assigns, agrees that he/she will keep completely confidential the amount of this settlement, the terms and contents of this Agreement, the negotiations leading thereto, and any aspect of the Action (hereinafter referred to as "these Confidential Matters"). Plaintiff agrees not to publicize or disclose these Confidential Matters, whether in writing or orally, to any person (other than as otherwise provided in this Paragraph 9), directly or indirectly, or by or through any agent, attorney, or representative. However, if compelled to make any such disclosure by law, Plaintiff shall notify Defendant within five business days following receipt of a subpoena or other legal order of disclosure and shall not disclose until Defendant has had ample time to object or otherwise state its position. Plaintiff may also disclose the terms of this Agreement only as necessary to enforce this Agreement. This confidentiality term is a material term of this Agreement, but for which Defendant would not have entered into this Agreement.

Plaintiff agrees that any communications with anyone about these Confidential Matters will be limited to a single statement that the Action "has been resolved." Plaintiff shall not communicate indirectly or directly that he/she received a monetary settlement. Plaintiff is permitted to make necessary disclosures to his/her respective spouse, tax preparers, retained attorneys, and accountants. Plaintiff will advise any such person of the existence of the strict confidentiality provisions of this Agreement.

The Parties agree that the damages resulting from a breach of this confidentiality term would be difficult to ascertain. As such, if Plaintiff breaches this term, Defendant shall be entitled to injunctive relief to prevent any further breach and Plaintiff hereby waives any defense that Defendant has an adequate remedy at law or that the injury suffered as a consequence of such breach is not irreparable.

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

*Page 5 of 6*

**10.    Mutual Non-Disparagement.** The Parties agree that they will not make any disparaging or defamatory comments to any third party concerning the other party. Specifically, Plaintiff agrees that he/she will not make any disparaging or defamatory comments to any third party concerning Defendant's officers, directors, partners, employees or agents, or concerning its methods of doing business or employment practices. Plaintiff agrees that he/she will not testify in any proceeding in which Defendant is a party unless compelled to do so by legal process.

**11.    Preclusive Effect of Agreement.** This Agreement may be pleaded as a full and complete defense to, and may be used as a basis for an injunction against, any action, suit or other proceeding that may be instituted or prosecuted by any Party in breach of this Agreement, except that this Paragraph 13 does not bar any cause of action or claim that is based expressly, specifically and exclusively upon an alleged breach of this Agreement. In any future action between the Parties, the Parties hereby agree that these Confidential Matters, as defined above, and any conduct between the Parties prior to the date of signing this Agreement shall not be offered or introduced as evidence for or against either of the Parties — *i.e.* such facts are expressly precluded from any future dispute.

**12.    Enforcement of Agreement.** Should any party seek to enforce this Agreement, the prevailing party or parties shall be entitled to recover costs and expenses, including attorneys' fees, incurred in any action.

**13.    Agreement is Voluntary.** The Parties understand and agree that Plaintiff:

(1)    Has had a reasonable amount of time within which to consider the settlement terms memorialized in this Agreement before agreeing to them;

(2)    Has carefully read and fully understands all of the provisions of this Agreement;

(3)    Is, through this Agreement, releasing any and all claims he/she brought, or may have brought against Defendant or any Releasee in the Action, including all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort or statute;

(4)    Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(5)    Knowingly and voluntarily intends to be legally bound by the same;

(6)    Had the opportunity to consult an attorney prior to agreeing to the terms of this Agreement if he/she so chose.

**14.    Ownership of Claims.** Plaintiff represents that he/she has not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement. Plaintiff further agrees to indemnify and hold harmless Defendant and all of the Releasees against any and all claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

**15.    Successors.** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors, insurers, and assigns, and shall inure to the benefit of each and all of the Releasees, and to their heirs, representatives, executors,

CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

Page 6 of 6

administrators, successors, and assignees.

**16.    Governing Law.** This Agreement shall be governed by and interpreted under the laws of Georgia.

**17.    Interpretation of this Agreement.** This Agreement sets forth the entire agreement between the Parties and supersedes any prior agreements between the Parties pertaining to the subject matter of this Agreement. Should any provision in this Agreement be determined to be invalid, the validity of the remaining provisions shall not be affected thereby, and the invalid provision shall be deemed not to be part of this Agreement, and all remaining provisions shall remain valid and enforceable. This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any Party, since all Parties have participated in the negotiations and drafting of this Agreement. No modifications or waiver of the terms of this Agreement shall be effective unless it appears in writing signed by all of the Parties to this Agreement. The language of all parts of this Agreement shall be construed as a whole, according to fair meaning, and not strictly enforced for or against any single Party.

**18.    Counterparts.** The Parties may execute this Agreement in counterparts which shall, in the aggregate, be signed by all the parties; and each counterpart shall be deemed an original instrument as against the party who has signed it. Furthermore, signatures delivered via facsimile transmission or electronic mail shall have the same force, validity and effect as the originals thereof.

PLAINTIFF HAS READ AND UNDERSTANDS THE FOREGOING CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. PLAINTIFF UNDERSTANDS THAT PLAINTIFF IS RELEASING ALL KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS THAT WERE OR COULD HAVE BEEN BROUGHT IN THE ACTION, AND VOLUNTARILY ENTERS INTO THIS AGREEMENT.

JOHN ALEXANDER

Dated: 7-23-2014

PROSPECT MORTGAGE, LLC

By: _____

David Chernek

Its: General Counsel

Dated: 10-07-14

APPROVED AS TO FORM AND CONTENT:

NICHOLS KASTER, PLLP

By: _____

Counsel for John Alexander

Dated: 8/12/2014

17517466v.1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is made and entered into between Carter Check ("Plaintiff") and Prospect Mortgage, LLC ("Defendant") (collectively "the Parties"). This Agreement shall be considered fully executed and become effective as to all Parties on the date it is been signed and executed by all Parties.

### RECITALS

A.      Plaintiff is a Former employee of Defendant.

B.      Plaintiff was formerly an opt-in party plaintiff in an action captioned *Sliger v. Prospect Mortgage, LLC* in the United States District Court for the Eastern District of California, Case Number 2:11-CV-00465-LKK-EFB (the "*Sliger* Action"), until the collective action claim in such action was decertified on or about January 23, 2013.  On April 19, 2013, Carter Check filed a complaint against Defendant in the United States District Court for the Northern District of Georgia, Case Number 1:13cv1312 (the "Action"), and subsequently filed a First Amended Complaint (collectively referred to as the "Complaint"). The Complaint alleged causes of action against Defendant for failure to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act.

C.      The Parties desire to settle, fully and finally, any and all claims which were or might have been alleged in the Action, including all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort, or statute, against Defendant or any other Releasee identified herein, up to and including the date of execution of this Agreement. This Agreement memorializes that settlement.

D.      The Parties agree that this Agreement is admissible for the purposes of proving and enforcing the terms of the Parties' Agreement, as set forth herein.

**NOW, THEREFORE,** in consideration of the terms, conditions and promises set forth herein, it is agreed as follows:

### TERMS OF SETTLEMENT

1.      **Non-Admission of Liability and Contingency of Agreement.**

1.1     This Agreement memorializes the compromise of disputed claims. Plaintiff acknowledges that the execution of this Agreement and the payment of monetary consideration or any other obligation hereunder are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendant, the Releasees identified in Paragraph 5 below, or any other person or business entity. The Parties further acknowledge that Defendant denies all allegations of wrongdoing alleged in the Complaint. The Parties intend, by this Agreement, merely to avoid the expense, delay, uncertainty, and burden of further litigation. The Parties expressly agree that there is no prevailing party in the Action. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any party. Except as otherwise set forth in Paragraph 2, the Parties agree that they shall bear their own respective costs and fees, including attorneys' fees, in connection with the Action and the negotiation and execution of this Agreement.

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

*Page 2 of 6*

1.2     The Parties acknowledge that Defendant has reserved the right to reject, rescind and/or revoke the offer of settlement manifested by this Agreement in the event that a satisfactory number of former participants in the *Sliger* Action who have continued to pursue claims against Defendant subsequent to the decertification of the collective action claim in the *Sliger* Action do not timely agree to settle such claims. In the event that Defendant exercises such right, Plaintiff's counsel will notify Plaintiff of such exercise, and this Agreement shall be null, void, and inadmissible in any subsequent proceeding for any purpose.

2.     **Monetary Consideration.**

2.1.     As consideration for the promises made by Plaintiff herein, and contingent on Plaintiff's fulfillment of the conditions of this Agreement, Defendant will pay Plaintiff a total gross sum of Two Thousand Five Hundred Twenty-Four and 11/100 Dollars ($2,524.11) (the "Consideration"), payable as follows:

        (1)     A gross payment of $634.53 to Plaintiff, less normal and customary payroll withholdings and deductions. This amount shall be reported by Defendant using an IRS Form W-2 issued to Plaintiff.

        (2)     A gross payment of $634.54 to Plaintiff. This amount shall be reported by Defendant using an IRS Form 1099 issued to Plaintiff.

        (3)     A gross payment of $1,255.04 to Nichols Kaster, PLLP. This amount shall be reported by Defendant using an IRS Form 1099 issued to Nichols Kaster, PLLP and Plaintiff.

These payments are conditioned upon the provision to Prospect's counsel of an IRS Form W-9 completed by Plaintiff. The payments shall be delivered to Plaintiff's counsel, Nichols Kaster, PLLP. These payments shall constitute a full and complete settlement of all of Plaintiff's claims in the Action, including any claims for unpaid wages.

2.2.     Defendant shall issue the checks for the amounts identified in paragraphs 2.1(1)-(2) within ten business days after the entry of judgment dismissing with prejudice Plaintiff's claims in the Action. Defendant shall make the payment identified in paragraph 2.1(3) at such time as Defendant and Plaintiff's counsel have agreed. All obligations of Defendant to pay the Consideration in this Agreement are contingent upon Plaintiff's full and complete compliance with this Paragraph, as well as all other terms and obligations set forth in this Agreement.

2.3.     Plaintiff agrees that the foregoing shall constitute the entire consideration due to him/her and is in full and complete satisfaction of any and all claims, demands and/or causes of action he/she has or may have against Defendant, and that Plaintiff will not seek any further compensation for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement.

3.     **Stipulated for Settlement of Carter Check's Claims and Dismissal With Prejudice and Request for Approval.** The Parties agree that they will jointly file a stipulation for settlement, and the signed release page for Plaintiff, in the Action and requesting that Plaintiff's claims be dismissed with prejudice. The Parties also agree that prior to filing the stipulation for settlement, Defendant may also request that the

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

*Page 3 of 6*

Parties be permitted to file the settlement documents under seal. Plaintiff agrees that he/she will not oppose Defendant's request to file the settlement documents under seal. In Defendant's sole discretion, the Parties may request the Court to approve the terms of this Agreement. To the extent that the Court declines or otherwise fails to dismiss Plaintiff's claims with prejudice and/or declines to approve the Parties' settlement, Defendant may, in its sole discretion, revoke this Agreement, in which event the Agreement shall be of no effect whatsoever and shall not be admissible in any subsequent proceedings for any purpose.

     **4.**     **Tax Treatment.** Plaintiff understands and agrees that Defendant is not providing any tax or legal advice, and makes no representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff further agrees that he/she will assume any such tax obligations or consequences that may arise from this Agreement, and he/she will not seek any indemnification from Defendant in this regard. Plaintiff further agrees to indemnify and hold Defendant harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, attorneys' fees or recoveries by any governmental entity against Defendant for any failure by Plaintiff or his/her attorneys to pay taxes due and owing, if any, on the amounts identified in Paragraph 2.

     **5.**     **Release of Defendant and Related Parties.** As consideration for this Agreement, Plaintiff -- for himself/herself, his or her family members, heirs, representatives, attorneys, executors, administrators, successors, and assigns -- forever and fully release Defendant and any of its past, present, or future units, component entities, owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, parent companies, divisions, subsidiaries (whether or not wholly owned), affiliates, benefit plans, including profit sharing, pension, health, savings, and any other employee benefit plans of any nature, the plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Action (collectively, the "Releasees") from any and all wage and hour claims, demands, charges, complaints, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which Plaintiff has or might have, known or unknown, suspected or unsuspected, matured or unmatured, fixed or contingent, apparent or concealed, that are based upon or arise out of the facts, claims or causes of action alleged in any of the complaints filed in the Action up until the date that Plaintiff signs this Agreement, whether or not previously brought before any state or federal court or any state or federal or any other governmental agency. The release shall include a release of all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort or statute, up through the date Plaintiff signs the Agreement. The release also shall include a release of all claims pursuant to ERISA arising out of or relating to the claims in the Action or the payments made pursuant to this Agreement. This release does not include a release of administrative charges that cannot be waived as a matter of law, but Plaintiff agrees that he/she will not accept any monetary recovery from any proceedings relating to such charges.

     **6.**     **Release of Unknown Claims.** For the purpose of implementing a full and complete release, Plaintiff expressly acknowledges that the release he/she gives in this Agreement is intended to include in its effect, without limitation, wage and hour claims that he/she did not know or suspect to exist in his favor at the time of the effective date of this

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

*Page 4 of 6*

Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims.

7.    **No Pending Actions and Covenant Not to Sue.** In consideration for the promises set forth in this Agreement, Plaintiff promises never to sue Defendant or any of the Releasees in any forum for any claims, laws or theories covered by the release set forth above in Paragraphs 5 and 6 of this Agreement, based on any acts or omissions occurring prior to the effective date of this Agreement. Plaintiff expressly agrees that he/she will not knowingly participate in any class, collective, or representative action of any kind or nature against any of the Releasees involving such released claims. Plaintiff expressly waives any rights or potential rights or recovery that he/she may have in a potential class, collective, or representative settlement in those or other actions against any of the Releasees. Plaintiff further agrees to opt out of or withdraw his/her consent for participation in any such class, collective, or representative action and agrees that, even if he/she does not opt out or withdraw his/her consent for participation, he/she will not be entitled to recover or participate in these actions in any way.

8.    **No Attorneys' Fees and Costs.** Each party shall bear its own fees and costs and attorneys' fees related to the Action, except as otherwise stated in this Agreement.

9.    **Confidentiality.** Plaintiff, for himself/herself, his/her family members, heirs, representatives, attorneys, executors, administrators, successors, and assigns, agrees that he/she will keep completely confidential the amount of this settlement, the terms and contents of this Agreement, the negotiations leading thereto, and any aspect of the Action (hereinafter referred to as "these Confidential Matters"). Plaintiff agrees not to publicize or disclose these Confidential Matters, whether in writing or orally, to any person (other than as otherwise provided in this Paragraph 9), directly or indirectly, or by or through any agent, attorney, or representative. However, if compelled to make any such disclosure by law, Plaintiff shall notify Defendant within five business days following receipt of a subpoena or other legal order of disclosure and shall not disclose until Defendant has had ample time to object or otherwise state its position. Plaintiff may also disclose the terms of this Agreement only as necessary to enforce this Agreement. This confidentiality term is a material term of this Agreement, but for which Defendant would not have entered into this Agreement.

Plaintiff agrees that any communications with anyone about these Confidential Matters will be limited to a single statement that the Action "has been resolved." Plaintiff shall not communicate indirectly or directly that he/she received a monetary settlement. Plaintiff is permitted to make necessary disclosures to his/her respective spouse, tax preparers, retained attorneys, and accountants. Plaintiff will advise any such person of the existence of the strict confidentiality provisions of this Agreement.

The Parties agree that the damages resulting from a breach of this confidentiality term would be difficult to ascertain. As such, if Plaintiff breaches this term, Defendant shall be entitled to injunctive relief to prevent any further breach and Plaintiff hereby waives any defense that Defendant has an adequate remedy at law or that the injury suffered as a consequence of such breach is not irreparable.

*CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE*

*Page 5 of 6*

10.    **Mutual Non-Disparagement.** The Parties agree that they will not make any disparaging or defamatory comments to any third party concerning the other party. Specifically, Plaintiff agrees that he/she will not make any disparaging or defamatory comments to any third party concerning Defendant's officers, directors, partners, employees or agents, or concerning its methods of doing business or employment practices. Plaintiff agrees that he/she will not testify in any proceeding in which Defendant is a party unless compelled to do so by legal process.

11.    **Preclusive Effect of Agreement.** This Agreement may be pleaded as a full and complete defense to, and may be used as a basis for an injunction against, any action, suit or other proceeding that may be instituted or prosecuted by any Party in breach of this Agreement, except that this Paragraph 13 does not bar any cause of action or claim that is based expressly, specifically and exclusively upon an alleged breach of this Agreement. In any future action between the Parties, the Parties hereby agree that these Confidential Matters, as defined above, and any conduct between the Parties prior to the date of signing this Agreement shall not be offered or introduced as evidence for or against either of the Parties — *i.e.* such facts are expressly precluded from any future dispute.

12.    **Enforcement of Agreement.** Should any party seek to enforce this Agreement, the prevailing party or parties shall be entitled to recover costs and expenses, including attorneys' fees, incurred in any action.

13.    **Agreement is Voluntary.** The Parties understand and agree that Plaintiff:

(1)    Has had a reasonable amount of time within which to consider the settlement terms memorialized in this Agreement before agreeing to them;

(2)    Has carefully read and fully understands all of the provisions of this Agreement;

(3)    Is, through this Agreement, releasing any and all claims he/she brought, or may have brought against Defendant or any Releasee in the Action, including all claims that have been or could have been brought under any federal or state wage and hour law, whether based in contract, tort or statute;

(4)    Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(5)    Knowingly and voluntarily intends to be legally bound by the same;

(6)    Had the opportunity to consult an attorney prior to agreeing to the terms of this Agreement if he/she so chose.

14.    **Ownership of Claims.** Plaintiff represents that he/she has not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement. Plaintiff further agrees to indemnify and hold harmless Defendant and all of the Releasees against any and all claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

15.    **Successors.** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors, insurers, and assigns, and shall inure to the benefit of each and all of the Releasees, and to their heirs, representatives, executors,

administrators, successors, and assignees.

**16.   Governing Law.** This Agreement shall be governed by and interpreted under the laws of Georgia.

**17.   Interpretation of this Agreement.** This Agreement sets forth the entire agreement between the Parties and supersedes any prior agreements between the Parties pertaining to the subject matter of this Agreement. Should any provision in this Agreement be determined to be invalid, the validity of the remaining provisions shall not be affected thereby, and the invalid provision shall be deemed not to be part of this Agreement, and all remaining provisions shall remain valid and enforceable. This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any Party, since all Parties have participated in the negotiations and drafting of this Agreement. No modifications or waiver of the terms of this Agreement shall be effective unless it appears in writing signed by all of the Parties to this Agreement. The language of all parts of this Agreement shall be construed as a whole, according to fair meaning, and not strictly enforced for or against any single Party.

**18.   Counterparts.** The Parties may execute this Agreement in counterparts which shall, in the aggregate, be signed by all the parties; and each counterpart shall be deemed an original instrument as against the party who has signed it. Furthermore, signatures delivered via facsimile transmission or electronic mail shall have the same force, validity and effect as the originals thereof.

PLAINTIFF HAS READ AND UNDERSTANDS THE FOREGOING CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE. PLAINTIFF UNDERSTANDS THAT PLAINTIFF IS RELEASING ALL KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS THAT WERE OR COULD HAVE BEEN BROUGHT IN THE ACTION, AND VOLUNTARILY ENTERS INTO THIS AGREEMENT.

CARTER CHECK

Dated: 7/24/14

PROSPECT MORTGAGE, LLC

By:

David Chernek

Its: General Counsel

Dated: 10-07-14

APPROVED AS TO FORM AND CONTENT:

NICHOLS KASTER, PLLP

By:

Counsel for Carter Check

Dated: 8/12/2014